### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| **KISHORE ARCOT, Individually and as Trustee of the MEMPHIS CARDIOLOGY, PLC PROFIT SHARING PENSION PLAN and THE MEMPHIS CARDIOLOGY, PLC DEFINED BENEFIT PLAN; MEMPHIS CARDIOLOGY, PLC; MEMPHIS CARDIOLOGY, PLC PROFIT SHARING PENSION PLAN; and MEMPHIS CARDIOLOGY, PLC DEFINED BENEFIT PLAN,** | ) ) ) ) ) ) ) ) ) ) ) ) ) | **Case No. 2:22-cv-02135-JTF-cgc** |
|       **Plaintiffs,** | ) ) | |
| **v.** | ) ) | |
| **RAMESH SARVA, and RAMESH SARVA, CPA, P.C.,** | ) ) ) | |
|       **Defendants.** | ) ) | |

### ORDER GRANTING DEFAULT JUDGMENT

Before the Court is Plaintiff Kishore Arcot's Motion for Default Judgment, filed on April 27, 2023. (ECF No. 15.) Arcot previously moved for Entry of Default by the Clerk on June 7, 2022, (ECF No. 11), which was granted on June 8, 2022, (ECF No. 12.) However, the case pended for over a year without action until the Court entered an Order to Show Cause on April 18, 2023, asking the parties to show cause why the case should not be dismissed for lack of prosecution. (ECF No. 13.) Arcot responded with this motion. For the below reasons, the Motion is **GRANTED**.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

The facts of the complaint are taken as given due to the Clerk's entry of default. In brief summary, Arcot, who acted as the managing member of Plaintiff Memphis Cardiology, hired Defendant Ramesh Sarva and Ramesh Sarva CPA to create and manage benefit plans for Memphis Cardiology. Sarva secured the position by representing that Arcot and Memphis Cardiology "would reap significant financial benefits if they followed his advice and formed retirement plans." (ECF No. 1, 3.) Sarva also represented that he was an expert on plan formation and management. (*Id.* at 4.) Ultimately, Arcot served as trustee of two plans Sarva created and managed, "the Profit Sharing Plan" and "the Defined Benefit Plan." (*Id.*) Sarva advised Arcot and Memhpis Cardiology on plan creation, maintenance, and decision making for a fee until 2017. (*Id.*) However, on February 24, 2022, the IRS informed Arcot that the Plans were not "properly qualified, updated or funded," creating a tax liability of $4.9 million. (*Id.*) The plaintiffs paid this tax liability themselves. (ECF No. 15, 2.) Arcot and Memphis Cardiology then brought the present case alleging negligence, negligent misrepresentation, fraud, breach of contract and/or fraudulent inducement, and violations of the Tennessee Consumer Protection Act ("TCPA"). (ECF No. 1, 5 – 9.) They requested damages in the amount of the tax liability caused, or $4.9 million, and treble damages of $14.7 million for the TCPA violations. Within the motion, Plaintiffs represent that the ultimate amount paid to the IRS amounted to $4,835,131.68. (ECF No. 15, 5.)

Plaintiffs filed the case on March 4, 2022. (ECF No. 1.) Summons was returned executed on March 29, 2022. (ECF Nos. 9 & 10.) However, neither of the defendants ever filed an answer or took any action in the case. Accordingly, the Plaintiffs moved for entry of default on June 7, 2022, which was granted the next day. (ECF Nos. 11 & 12.) Defendants never responded to the entry of default or subsequent Motion for Default Judgment.

## II.  LEGAL STANDARD

"The Federal Rules of Civil Procedure require a defendant to serve an answer within twenty days of being served with a summons and complaint. Rule 55 permits the clerk to enter a default when a party fails to defend an action as required. The court may then enter a default judgment." *Delta Air Lines, Inc. v. Influence Direct, LLC*, No. 3:14-cv-00926, 2017 WL 11684599, at *2 (M.D. Tenn. Jan. 20, 2017) (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 352-53 (6th Cir. 2003)). "Upon entry of default, well-pleaded allegations relating to liability are taken as true." *Porter Family Limited Partnership v. ST Brands, Inc.*, No. 3:21-cv-00871, 2023 WL 309395, at *1 (M.D. Tenn. Jan. 17, 2023). "Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 455 (6th Cir. 2011). Whether to enter a default judgment or not is within the sound discretion of the District Court. The Sixth Circuit has listed certain factors that should guide that discretion:

> (1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits.

*Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)).

### III. LEGAL ANALYSIS

The Plaintiffs state that all procedural requirements for default judgment have been met. They are correct. Defendants were served with the Complaint on March 21, 2022, and have taken no action since. Further filings in the case have been sent to the same address where service was affected without any response. Defendants have had over a year to engage with this case and have declined to do so. With liability thus established, the only issue remaining is damages and whether a judgment should be entered.

The factors to consider weigh in favor of entering a default judgment. Plaintiffs would be possibly prejudiced by not having a judgment entered, given that they have already paid $4.9 million in taxes now legally established to be due to Sarva's fraud and negligence. The complaint sufficiently alleges all its counts and relates a plausible theory of liability. As the defendants have not appeared, there are no disputed material facts, and the over year-long delay since service makes excusable neglect unlikely. While the Court prefers for cases to be decided on the merits, the defendants have patently refused to engage in this lawsuit at all.

The only factor remaining, and relevant issue, is the amount of money at stake. Plaintiffs have requested compensatory damages of $4,835,131.68, as the amount already paid to the Internal Revenue Service due to the defendants' tortious conduct. (ECF No. 15, 5.) This amount is attested to in an attached declaration from Kishore Arcot, as well as through corroborating exhibits. (ECF No. 15-1, 5.) The Plaintiffs request further damages though, specifically $43,379.86 in attorneys' fees, expenses and costs, as well as either punitive damages under Tenn. Code Ann. § 29-39-104(a)(5)(A) (in the amount of $9,670,263.36), or treble damages under Tenn. Code Ann. § 47-18-109 (in the amount of $14,505,395.00). (ECF No. 15, 5 – 6.) In total, this amounts to a damages request of either $14,548,774.90 or $19,383,906.54, depending on whether punitive or treble damages are granted.

However, on this record, the Court believes that only the $4,835,131.68 is adequately proved by the Plaintiffs. Plaintiffs are free and encouraged to submit documentation to support their calculation of attorneys' fees, costs, and expenses upon the filing of this motion. The punitive and treble damages do not appear warranted based on the few facts admitted even under entry of default. While punitive damages are allowed for fraudulent behavior under Tennessee law, "these damages should be 'awarded only in the most egregious of cases.'" *Pruett v. Skouteris*, 743 F.

Supp. 2d 718, 727 (W.D. Tenn. 2010) (quoting *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 900 (Tenn. 1992)). Further, "in all cases involving an award of punitive damages, the trier of fact" is to consider many factors that the Court is unable to consider on this record, including the financial condition of the defendant, previous damages awards, the defendant's motivation, and defendant's profit. Tenn. Code Ann. § 29-39-104(4). The purpose of punitive damages is to punish the defendant above the deterrence provided by compensatory damages, and the Court cannot say whether such punishment is warranted in this case. All that is alleged is that Sarva materially misrepresented his competency regarding benefit plans, causing unforeseen and unnecessary tax liability. This same logic applies to treble damages, which requires the determination that the defendant's actions were a "willful or knowing violation" the TCPA. Tenn. Code Ann. § 47-18-109. Such knowledge is not shown on this record.

Accordingly, the Plaintiffs' Motion is **GRANTED**. A default judgment in the amount of at least $4,835,131.68 will be entered in the Plaintiffs' favor. The Court will delay entering the judgment for two weeks from the entry of this order, during which time the Plaintiff is encouraged to submit documentation of the attorneys' fees and costs sustained in litigating this case. The judgment amount will be adjusted according to the documentation received.

**IT IS SO ORDERED** this 19th day of May, 2023.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE